[See Case No. 14,750.]

## Case No. 14,754.

### UNITED STATES v. CASTRO.

[5 Sawy. 625.] [1]

Circuit Court, D. California. July 26, 1868.

PRACTICE IN EQUITY—TERM—MISTAKE—MEXICAN LAND GRANT—INVESTITURE OF TITLE—BOUNDARIES DESIGNATED IN GRANT—SURVEY.

1. The doctrine that the jurisdiction of the court over a cause, after final decree, ceases with the term in which the decree is rendered, does not apply to decrees entered by mistake. Accordingly, where a decree was rendered by the district court of the United States, affirming on appeal a decree of the board of land commissioners, confirming a claim to land under a Mexican grant, and afterwards overlooking the fact that such decree had been rendered, upon a stipulation entered into between the attorney of the United States and the attorney of the claimants, an order was entered by the district court dismissing the appeal, and subsequently at another term this last order was vacated: Held, that the order was properly vacated, although a term of the court had elapsed since the order was made.

2. After a grant had been issued by the governor of California, under the Mexican law, and such grant had received the approval of the departmental assembly, it was essential to a complete investiture of the title that there should be an official delivery of possession to the grantee

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

by the magistrate of the vicinage, which proceeding required a measurement and segregation from the public domain of the specific quantity granted.

3. The magistrate of the vicinage in officially delivering possession was required to measure off the quantity within the boundaries designated in the grant. Any passing beyond such boundaries vitiated his whole proceeding.

4. When the district court, under the act of June 14, 1860 (12 Stat. 33), had ordered a survey of a confirmed claim to land under a Mexican grant into court for examination, its jurisdiction over it continued, and over any new survey directed by it, until the survey of the claim was finally disposed of, notwithstanding the passage of the act of July 1, 1864 (13 Stat. 332).

This was an appeal [by the United States] from a decree of the district court of California, approving the survey of a confirmed claim under a Mexican grant [to Guadalupe Castro.]

Isaac Hartman, W. W. Crane, and McCullough & Boyd, for appellant.

Delos Lake and Patterson, Wallace & Stow, for the United States.

FIELD, Circuit Justice. We do not deem it important to consider at length the several objections urged by the appellants to the decree of the district court, approving the survey of the rancho confirmed to the claimants. A brief notice of them will be sufficient.

It is evident, from an examinaton of the original title papers, that the Mexican government intended to cede to Castro only a tract of two square leagues. The conditions annexed to his grant state that the land ceded is of this extent, and require its measurement, and reserve any surplus for the national use. The designation of the tract ceded by a particular name, and the specification of the outboundaries, must yield to the limitation of quantity as thus expressed. Such has been the uniform ruling of the federal courts in cases of this kind. It is only where this limitation is omitted that the concession is held to embrace the entire quantity within specified boundaries. Where this is wanting, the extent of the grant is only restricted by the boundaries named, and the provisions of the colonization law of 1824. U. S. v. Pico, 5 Wall. [72 U. S.] 539.

The decree of the district court entered in February, 1857, affirming the decision of the board of land commissioners, contains a similar limitation. It adjudges the claim of the parties to be valid, and confirms it to "the extent of two square leagues and no more." Previous to the rendition of this decree, the attorney-general had transmitted a notice from Washington that the appeal would not be prosecuted by the United States; but the notice was not received at San Francisco until some time in March following. Yet, notwithstanding the decree of the district court, a stipulation was entered into between the district attorney and the attorney of the claimants, more than a year afterwards—in June, 1858—that the notice of intention to prosecute the appeal

on the part of the United States would be withdrawn and the appeal be dismissed, and that the claimants have leave to proceed upon the decree of the board as upon a final decree; and upon that stipulation the district court ordered the appeal to be dismissed, and gave the claimants the leave stipulated.

It is very evident that this latter decree was inadvertently entered without the attention of the district court being called to its previous decree. The notice of the attorney-general had ceased to be of any effect, by the decree rendered during its transmission from Washington to San Francisco. It was no longer applicable to any pending appeal. We think, therefore, the proceeding subsequently taken to vacate the decree, was eminently proper, and within the jurisdiction of the court, notwithstanding the lapse of time since its entry.

The doctrine that the jurisdiction of the court over a cause after final decree ceases with the term in which the decree is rendered, is intended to protect parties from disturbance and litigation after the merits of their cases have been fully heard and determined. It was not intended to protect them in decrees entered by mistake, any more than in decrees obtained by imposition or fraud upon the court. We must regard, therefore, the original decree of the district court entered in January, 1857, which in terms has never been set aside, as the decree which must determine the extent of the land confirmed to the claimants. That decree, as we have already stated, limits the quantity to two square leagues.

The position of the appellants, that their title had been perfected under the Mexican government, and required no further action on the part of the United States, rests upon the supposed validity of the proceeding taken for the measurement of the land ceded, and the delivery of its possession. The grant had received the approval of the assembly of the department, and had thus become definitively valid. The only subsequent proceeding essential to a complete investiture of the title was an official delivery of possession by the magistrate of the vicinage, a proceeding which required a measurement and segregation from the public domain of the specific quantity granted. Malarin v. U. S., 1 Wall. [68 U. S.] 289. The attempted proceeding for this segregation and delivery taken by a justice of the peace in January, 1846, assuming that he was a magistrate of the rank required in such cases, was clearly invalid. The Cañada del Cerbo was the boundary between the grant to Castro and the subsequent grant to Amesti. This was expressly so declared by Michel-torrena in this latter grant. The record of the proceedings of the justice shows that he passed beyond this boundary. and not only included in his measurement a much larger quantity than that granted to Castro, but also a portion of the land granted to Amesti. This he had no authority to do. His authority was limited to the measurement of the specific

quantity granted, and the delivery of its possession. His departure from this course vitiated the whole proceedings.

The objection to the jurisdiction of the district court over the survey, is untenable. In December, 1860, the court had ordered the survey previously made into court. In January, 1862, it had allowed the exceptions taken to it, and had ordered a re-survey of the premises by the surveyor-general. The act of July 1, 1864, to expedite the settlement of titles in California, whilst restoring to the surveyor-general and the general land-office, the jurisdiction over surveys of lands confirmed under Mexican grants, which they had previous to the act of June, 1860, provides, that where proceedings for the correction or confirmation of surveys are pending at the time of its passage in the district court, it shall be lawful for that court to proceed and complete its examination and determination of the matter. The order calling in the original survey was the initiative of a proceeding for its correction, and the proceeding could not be considered ended because the surveyor-general was subsequently directed to make a re-survey in accordance with certain directions. The order for a re-survey did not bring the case within the provisions of the last paragraph of the third section of the act of 1864. That paragraph applies only to new surveys which may be ordered by the circuit court, upon the decision of appeals from the district court; but the order directing a re-survey was itself subsequently set aside, which left the survey before the court upon the original order.

After careful consideration of the several objections urged by counsel of the appellants in their very elaborate brief, we find nothing which would justify interference with the decree of the district court. The case appears to have received great consideration from the learned judge of that court, and we are satisfied with his conclusions.

Decree affirmed.

---

UNITED STATES (CASTRO v.). See Cases Nos. 2,508 and 2,509.